**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA JOSEFINA VALLES SANCHEZ; FERNANDO MONTES PAVON,

Petitioners,

v.

MATTHEW G. WHITAKER, Acting Attorney General,

Respondent.

No.    11-73253

Agency Nos.    A096-349-886
A096-349-887

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2019[**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Maria Josefina Valles Sanchez and Fernando Montes Pavon, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for an abuse of discretion the denial of a motion to reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We grant the petition for review and remand.

The BIA abused its discretion in denying petitioners' motion to reopen as untimely. With respect to petitioners' claim that multiple former attorneys provided ineffective assistance, the BIA failed to consider petitioners' contentions that the notario and attorney who prepared their 2003 asylum and cancellation of removal applications provided false information in the applications and failed to solicit information concerning the asylum claim. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (holding that the BIA is not free to ignore arguments raised by a petitioner). The BIA's failure to address these contentions undermines its grounds for rejecting equitable tolling of the filing deadline because the BIA's analysis relies on dates and other information in those applications that petitioners allege were falsely provided due to the ineffective assistance. *See Bonilla*, 840 F.3d at 582 (holding that equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud, or error, as long as petitioner exercised due diligence in discovering such circumstances).

The BIA further failed to explain its conclusion that petitioners, having alleged that the female petitioner was persecuted by a local political figure, and was rebuffed when she sought assistance from local authorities, did not present a

2

colorable asylum claim. *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004) (in assessing whether a petitioner was prejudiced by incompetent counsel, this court "must consider the underlying merits of the case to come to a tentative conclusion as to whether [the petitioner's] claim, if properly presented, would be viable").

Accordingly, we remand for the BIA to reassess its tolling and prejudice determinations.

**PETITION FOR REVIEW GRANTED; REMANDED.**